**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation; PEOPLE OF THE STATE OF CALIFORNIA, by and through the City Attorney for the City of Oakland,<br><br>       Plaintiffs-Appellees,<br><br> v.<br><br>BP PLC, a public limited company of England and Wales; et al.,<br><br>       Defendants-Appellants. | No.   22-16810<br><br>D.C. No. 3:17-cv-06011-WHA<br><br>MEMORANDUM* |
| CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation; PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the San Francisco City Attorney,<br><br>       Plaintiffs-Appellees,<br><br> v.<br><br>BP PLC, a public limited company of England and Wales; et al.,<br><br>       Defendants-Appellants. | No.   22-16812<br>        22-16812<br><br>D.C. No. 3:17-cv-06012-WHA |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 13, 2023[**]
San Francisco, California

Before: S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

In 2017, the City and County of San Francisco and City of Oakland ("Cities") brought actions in state court against five of the world's largest oil and gas companies: BP PLC, Chevron Corporation, ConocoPhillips, Exxon Mobil Corporation, and Royal Dutch Shell PLC, ("Energy Companies"), alleging that the Energy Companies' production and promotion of fossil fuels is a public nuisance under California law. The Energy Companies removed to federal court, and the district court granted the Cities renewed motion to remand. We have jurisdiction under 28 U.S.C. §§ 1291 and 1447(d) and, reviewing de novo, *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017), we affirm.

The background of this case is well known. In 2018, the district court denied the Cities' initial motion to remand. The district court held that the Cities' claims raised issues relating to "interstate and international disputes implicating the conflicting rights of States" and "relations with foreign nations," and that these

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

issues are "necessarily governed by federal common law." *California v. BP PLC*, 2018 WL 1064293 at *2 (N.D. Cal. Feb. 27, 2018) (citation omitted). The Energy Companies appealed. At that time, we considered two separate jurisdictional theories of removal and concluded that the district court erred in determining that it had federal-question jurisdiction. *See City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). First, we found that the public nuisance claim did not raise a substantial federal issue, and therefore was not subject to the *Grable* exception, which allows removal when a state law claim necessarily arises under federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); *Oakland*, 969 F.3d at 907. Second, we held that the Clean Air Act did not have extraordinary preemptive force to justify removal based upon complete preemption of state-law claims. *Oakland*, 969 F.3d at 907. Therefore, we remanded to determine whether there was "an alternative basis for jurisdiction," namely, whether the claims: (1) arose out of operations on the outer continental shelf and thus implicated the Outer Continental Shelf Lands Act ("OCSLA"); (2) implicated actions performed under the direction of a federal officer; (3) arose on federal enclaves; or (4) related to bankruptcy. *Id.* at 902 n.2, 911 & n.12.

We remanded this case in 2020. But before the district court issued the order now on appeal in 2022, we issued two opinions in similar actions denying removal jurisdiction. In *County of San Mateo v. Chevron Corp.* ("San Mateo III"),

3

three California counties filed complaints in California state court against the Energy Companies in this case. 32 F.4th 733, 744–45 (9th Cir. 2022). In that case, the Counties alleged multiple state tort theories, including public nuisance, failure to warn, design defect, private nuisance, negligence, and trespass. *Id.* We noted that "the substance of the[se] claims" was "the same" as the claims in this case: "tortious conduct by the Energy Companies in the course of producing, selling, and promoting the use of fossil fuels contributed to global warming and sea-level rise, which led to property damage and other injuries to the Counties." *Id.* at 747–48. We rejected several bases for federal jurisdiction not addressed in *Oakland,* including: (1) federal officer removal; (2) federal enclave; (3) OCSLA theory; (4) bankruptcy; (5) admiralty; and (6) *Grable* jurisdiction. *Id*. at 746–64.

These issues arose again in *City & County of Honolulu v. Sunoco LP*, 39 F.4th 1101 (9th Cir. 2022) ("Honolulu II"). In that case, the City and County of Honolulu and the County of Maui alleged that oil and gas companies (including the Energy Companies in this case) concealed the harms of climate change from the public. *Id*. at 1106. The Counties sued in state court, asserting state-law public and private nuisance, failure to warn, and trespass claims. *Id*. The Energy Companies removed, and the district court granted a motion to remand, which we affirmed. Once again, we rejected removal theories based on (1) federal officer

removal; (2) federal enclave; and (3) OCSLA jurisdiction. *Id.* at 1107–11. In doing so, we declared that,

> *We do not write on a blank slate*. Various oil company defendants have sought removal several times in similar climate change suits, including in this Court. Similar to here, defendants in those cases contended that removal was proper under jurisdiction for federal officers, federal enclaves, and the Outer Continental Shelf Lands Act (OCSLA). *Following precedent and consistent with our sister circuits, we reject these arguments*.

*Id*. 1106 (emphasis added, citations omitted, and cleaned up). In short, we concluded that,

> *This case is about whether oil and gas companies misled the public about dangers from fossil fuels. It is not about companies that acted under federal officers*, conducted activities on federal enclaves, or operated on the OCS. Thus, we decline to extend federal jurisdiction.

*Id*. at 1113 (emphasis added).

In the case now before us, the Energy Companies assert two grounds for removal. *First*, the federal officer removal statute, 28 U.S.C. § 1442(a), which permits removal when a private party shows "that (a) it is a person within the meaning of the statute; (b) it can assert a colorable federal defense; and (c) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and [the] plaintiff's claims." *Honolulu II*, 39 F.4th at 1107 (citation and internal quotation marks omitted). The Energy Companies claim that they were acting under federal direction during World War II and pursuant to ongoing specialized fuel contracts. *Second*, the *Grable* exception to the well-pleaded complaint rule,

5

which permits removal if a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Oakland,* 969 F.3d at 906-07 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

Our precedent compels us to reject both theories of removal. *See San Mateo III*, 32 F.4th at 757; *Honolulu II*, 39 F.4th at 1107. As to the World War II claims, the evidence supplied by the Energy Companies merely confirms their compliance with the law while executing arms-length business agreements to supply fuel and build fuel infrastructure. *San Mateo III*, 32 F.4th at 758 ("compliance" with regulation in the course of an "arm's length business relationship" insufficient to remove action). Turning to the specialized fuel contracts, *San Mateo III* does not restrict its holding to "widely available commercial products," rather "widely available commercial products" are just one type of relationship that does not evince an "acting under" relationship. *Id.* In the same sentence, the *San Mateo III* court holds that "arm's-length business arrangement[s]" too fail to support an "acting under" relationship." *Id.* at 757. Simply put, the specialized fuel contracts here are no more than "arms-length business agreement[s]," and accordingly, the Energy Companies were not "acting under" federal officers.[1]

---

[1] Finding that the Energy Companies fail to establish that they were "acting under" a federal officer, we need not reach the remaining elements of this test. *See San Mateo III*, 32 F.4th at 760 (ending the analysis at the "acting under" prong).

6

We have already rejected the Energy Companies' initial *Grable* argument on the grounds that the Cities' public nuisance claim does not raise substantial federal interests. *Oakland*, 969 F.3d at 906–07. The Energy Companies' repackaged *Grable* theory would require us to find state-law complaints removable if a defendant asserts a First Amendment defense, but "since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983). Thus, the Energy Companies' removal arguments once again fail.[2]

**AFFIRMED.**

---

[2] To the extent the Energy Companies raise OCSLA and federal enclave jurisdiction for a future appeal, as they themselves acknowledge, we are bound by our decision in *Honolulu II*, 39 F.4th at 1111, and reject those bases for removal.